STEPHEN TORREY, Executor, *vs.* MORDECAI L. WALLIS, JR.

Where the lessor, in an indenture of lease, under seal, of an estate in Boston, for twelve years and three months, for himself and his legal representatives, agreed to pay all taxes that might be assessed on the premises; and the lessee, for himself and his legal representatives, agreed to pay all costs, expenses, and charges, except the yearly taxes; and it was mutually agreed that the lessee might make any additions and repairs, at his own costs and charges, that he might choose, not injurious to the estate; it was held, that the lessor could not recover of the lessee, under the covenants in the lease, an assessment laid on him by the city of

Boston, for paving the footway in front of the estate, under the act of 1795, c. 31, § 2, and which he had paid.

A covenant by the lessee, in a lease under seal, to pay all costs, charges, and expenses, except the yearly taxes, is a covenant running with the land, and binding on an assignee.

A parol promise to pay rent, made by the assignee of a lease under seal, with a surety, to the executor of the lessor, and indorsed on the lease, does not affect the liability of the assignee for the performance of the other covenants in the lease.

THIS was an action of covenant broken, brought by the plaintiff, as the executor of Joseph Torrey, upon the covenants contained in a sealed indenture of lease from the plaintiff's testator, to Charles Rawson, dated the 9th day of August, 1836, of an estate in Boston, for the term of twelve years and three months from the 1st of October, 1836, at the yearly rent of three hundred and twenty-five dollars.

The action was tried before *Washburn*, J., in the court of common pleas.

The indenture contained the following covenants and stipulations: —

"The lessor, for himself and his legal representatives, agrees to pay all taxes that may be assessed thereon during the term of this lease. The lessee, for himself and his legal representatives, in this behalf, agrees to pay all costs, expenses, and charges, except the yearly taxes, and at the termination of this lease, to leave all additions and repairs, made during the term, upon the premises; and it is mutually agreed, that the lessee may make any additions and repairs at his own costs and charges, that he may choose, provided he does not injure the premises or buildings now on the same. And the lessee doth promise to pay the said rent in quarterly payments to the lessor, or his legal representatives, and to leave all additions, erections and repairs upon said premises at the termination of this lease, which may be put on during said term, and to pay all costs, charges and expenses upon said premises, except the yearly taxes during said term, and to pay the rent as above stated, *and all taxes and duties levied or to be levied thereon*,* during the term, and also the rent and taxes, as above stated, for such further time as the lessee may hold the same."

On the 1st of April, 1839, Charles Rawson, the lessee, having died, Abigail E. Rawson, his administratrix, assigned the lease to the defendant, by an instrument under seal, and indorsed on the indenture. The assignment was declared to be subject to the stipulations expressed in the lease, and con-

---

* The words in Italics, which were in the printed form, were erased.

veyed the estate to the assignee and his heirs and assigns forever, in as full and ample a manner as the assignor could hold the same as administratrix.

By a writing not under seal, dated on the same 1st of April, and indorsed on the lease, the defendant as principal and Mordecai L. Wallis as surety "covenanted, promised and agreed to and with Stephen Torrey, executor of the will of Joseph Torrey, deceased, the within named lessor," that they would "truly and punctually pay to him the rent stipulated to be paid, as the same should fall due."

In July, 1840, the plaintiff, having paid an assessment of twenty-six dollars and eighty-seven cents, laid by the city of Boston, under the act of 1795, *c.* 31, § 2, which provides, that where the cartway in any public street in Boston shall be ordered to be paved, every owner of ground upon such street shall, at his own cost, pave the footway in front of his ground, and that if he neglect, the surveyor may pave it, and collect the amount of the owner, brought this action to recover of the defendant the amount so paid. The presiding judge ruled, that the action could be maintained, and that the defendant was liable under the lease and assignment; whereupon a verdict was taken for the plaintiff, and the defendant excepted.

*W. Brigham*, for the defendant.

1. Covenant broken cannot be maintained against the defendant on this lease. *Nugent* v. *Riley*, 1 Met. 117 ; *Goodwin* v. *Gilbert*, 9 Mass. 510.

2. The parol agreement indorsed on the lease, and accepted by the plaintiff, is a substitute for any implied contract or covenant, which might be supposed to arise from the assignment.

3. The assessment in question is not a "cost, expense, or charge," under *St.* 1795, *c.* 31, § 2; it is an assessment to the owner, not the tenant. It is not a lien upon the estate, ike other taxes, but a personal charge to the owner.

*M. S. Clarke*, for the plaintiff.

1. The plaintiff, as executor, may claim under the cov-

enants in favor of his testator ; this being a covenant running with the land. The assignee of a lease, by virtue of the assignment, becomes bound personally to perform all the covenants contained in the lease, relating to the estate ; and this action is therefore maintainable against this defendant. Comyn on Landlord and Tenant, 270 ; *Howland* v. *Coffin*, 9 Pick. 52, and 12 Pick. 125 ; *Bally* v. *Wells*, 3 Wils. 25. See *Tatem* v. *Chaplin*, 2 H. Bl. 133 ; *Twynam* v. *Pickard*, 2 B. & A. 105 ; *Walker* v. *Reeves*, 2 Doug. 461, a ; *Williams* v. *Bosanquet*, 3 Moore, 500. And the express words of the assignment strengthen this point.

2. The parol agreement with a surety, indorsed on the ease, was merely to secure the rent, and does not purport to extend to all the covenants in the lease ; and even if it supersedes the covenants respecting rent, it cannot affect those relating to other matters. It has been held, that the covenant of a lessee to pay rent binds the assignee for the rent accruing after the assignment, notwithstanding the landlord has taken the lessee's notes for it. *McCormick* v. *Young*, 2 Dana, 294. And further, the covenants in this lease, being under seal, and therefore binding on the assignee, to the same effect as his own personal covenant, so long as he holds the estate, cannot be released except by actual satisfaction, or a release under seal, neither of which is pretended in this case.

3. The lease is for an unusually long period, and the parties must have anticipated that the estate would not merely require repairs, but be subject to certain charges and assessments of a public nature, besides the usual city and county taxes. The provision that the lessee should pay all costs, charges and expenses, except *yearly* taxes, shows that the lessee should pay incidental expenses in the nature of taxes. The lessee covenants to pay, for any additional time he may occupy, " the rent and taxes as above stated : " he had not above stated any taxes at all, unless all such casual assessments on the estate, not included in the yearly taxes, were intended.

The plaintiff does not rest his claim on the ground of a

.ien or incumbrance on the estate, but on the ground that it was a charge to the owner, relating to the leased premises, which the lessee had agreed to pay. This assessment is made to the owner of the estate, in the same way that all taxes are; and the lien given by statute on the land is merely an additional means of securing payment.

It is clear, that the words "costs, expenses, and charges" do not refer exclusively to the repairs and additions named in the lease. For the tenant enters into no covenant at all respecting repairs; he simply reserves a right to make them, at his election, at his own cost and charges, if not injurious to the estate. With them the lessor had nothing to do, except to see that they did no injury to the estate. They could not be charged to him. There was no occasion, therefore, for any covenant by the tenant to pay such expense or charge; since the very expense or charge could not arise, unless the tenant elected to incur it, and then the expenditure would be his own. Besides, by the express terms of the covenant, the lessee is to pay these costs, expenses, and charges, *to the lessor.* Now, the tenant, having reserved the privilege of making repairs and alterations at his own expense, would not, of course, covenant to pay the expense of these to the lessor. It can only refer to such "costs, charges, and expenses," as the lessor would be compelled by law to pay upon the estate during the term, and which he must lose, unless he binds the lessee to refund them.

*Brigham* replied. The word " taxes," near the end of the lease, on which the plaintiff relies, was evidently left by mistake, and should have been erased with the words of like import in the preceding line, which are erased. The erasure of the words "all taxes or duties levied or to be levied thereon " is conclusive, that the parties did not intend to bind the lessee or his assignee to pay any thing in the nature of taxes or duties levied or to be levied.

FLETCHER, J. The first objection taken by the defendant is, that the action cannot be maintained against him on the covenant in the lease, as he was not a party to the lease, and

that the covenant, therefore, is not his covenant. But this is a covenant running with the land, upon which an action can be maintained against the defendant, as assignee of the lease, and having the estate.

It appeared, also, that the defendant made a parol agreement to pay rent, with a surety, and it was maintained, that by reason of such parol agreement this action could not be sustained. But a parol agreement as to rent cannot affect the right to maintain an action on the covenant for an entirely different object and purpose.

If the defendant is liable for the sum claimed in the present suit, it is by force of the covenant to pay all costs, charges and expenses upon the premises. · But it seems quite obvious, upon examining the whole lease, that the costs, charges and expenses upon the premises, which the lessee covenanted to pay, related exclusively to the additions and repairs which the tenant had permission to make.

The lease was for the term of twelve years. The lessor was to pay the taxes. The lessee was to make such additions and repairs as he desired, at his own cost and charges; and he thereupon covenants that he will pay all costs, charges and expenses upon the premises, obviously referring to such as may be incurred for additions and repairs; so that the owner, the lessor, may not be called on to make such payments. Such an extraordinary payment as that claimed in this suit was probably not in the contemplation of the parties, and was not therefore provided for in the lease.

In the printed part of the lease there was a provision that the lessee should pay all taxes and duties levied or to be levied on the premises. These terms might perhaps be broad enough to embrace the payment in question, but they were stricken out, and the liability of the lessee restricted to the expenditures for additions and repairs.

Paving the footway or sidewalk, though a permanent benefit to the estate, would, in many instances, be of little or no advantage to the tenant, as in the case of a short lease, or when required to be made near the close of a lease.

The statute, therefore, does not impose the obligation of paving upon the tenant, but, in terms, upon the owner, as distinct from the tenant ; and the plaintiff having made the payment now sued for, as owner, under the statute, and such payment not being within the scope of the lessee's covenants, this action cannot be maintained.

The exceptions, therefore, are sustained, the verdict set aside, and a new trial granted, to be had in this court.